E-FILED on     2/13/13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMIE GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>THE EGGO COMPANY, INC. DBA KELLOGS; ECOLAB, INC.; JACOBS ENGINEERING, INC. STATE CERTIFIED PLUMBING; and DOES 1-100, inclusive,<br><br>    Defendants. | No. C-12-02955 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SEVER AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND<br><br>[Re Docket No. 33, 38] |

    Defendant The Eggo Company ("Eggo") moves to sever plaintiff's first through fourth causes of action against Eggo ("employment claims") from his fifth through tenth causes of action against State Certified Plumbing and other defendants ("products liability claims"). Defendant Eggo makes the motion to preserve federal jurisdiction over plaintiff's claims against it. Plaintiff opposes the motion and also moves to remand the entire case back to Santa Clara County Superior Court because his Second Amended Compliant ("SAC") contains no federal claims. On October 26, 2012, the court held a hearing to consider both motions. Having considered the papers submitted by the

parties and the arguments of counsel, and for the reasons set forth below, the court grants the motion to sever and remands the products liability claims back to state court.[1]

## I. BACKGROUND

Plaintiff Jamie Gonzalez was formerly employed by defendant Eggo. SAC (Dkt. No. 27) ¶ 9. On October 23, 2009, plaintiff was injured while working at Eggo's facility. *Id.* ¶ 10. Plaintiff claims that he became disabled as a result of the injury. *Id.* Plaintiff further claims that his supervisors failed to take into account his physical limitations after the accident and that he was not allowed to work in a manner that complied with the restrictions his physician had placed on him. *Id.* ¶¶ 11, 12. According to plaintiff, his supervisors harassed him repeatedly based on his inability to perform the duties of his job. *Id.* ¶¶ 11, 13. On October 25, 2010, Eggo terminated plaintiff's employment for alleged unprofessional behavior, which was later changed to a voluntary resignation. *Id.* ¶ 15.

Plaintiff brought the present action in state court on September 12, 2011 alleging causes of action against Eggo and the products liability defendants who plaintiff claimed were responsible for his actual injuries. Eggo removed the case to this court on June 7, 2012 asserting that this court had original jurisdiction over the case under 28 U.S.C. § 1331. Not. of Removal (Dkt. No. 1) ¶ 4. In his Amended Complaint, which was the original subject of Eggo's removal notice, plaintiff brought claims against Eggo for: (1) discrimination under the Fair Employment and Housing Act ("FEHA") and the Americans with Disabilities Act ("ADA"); (2) harassment; (3) retaliation; (4) breach of contract; and (5) negligence. Am. Compl. (Dkt. No. 1, Exh. A). The notice of removal further stated that pursuant to 28 U.S.C. § 1441(c) removal was proper as to the claims against Eggo, but that the claims against the other defendants were non-removable, unrelated state law claims. Not. of Removal ¶ 8. The entire case was removed to this court.

On June 13, 2012, Eggo moved to dismiss plaintiff's second through fifth causes of action. Dkt. No. 11. Eggo did not object to plaintiff's subsequent request for leave to amend and this court

---

[1] The court acknowledges that this ruling is contrary to the court's tentative ruling. However, the fact that the defendants were improperly joined merits more weight than the court gave it in its tentative ruling.

ORDER GRANTING DEFENDANT'S MOTION TO SEVER AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND—No. C-12-02955 RMW
JLC                                                               2

granted plaintiff's request.  Dkt. No. 23.  On August 27, 2012, plaintiff filed his SAC, in which he no longer asserted any federal claims.  Eggo filed its motion to sever and plaintiff filed his motion to remand shortly thereafter.  The court agreed to hear plaintiff's motion on shortened time so that both motions could be considered together.

## II.  ANALYSIS

Eggo's and plaintiff's motions present interrelated issues.  In opposing remand of the entire action, Eggo argues that severance will create diversity jurisdiction as to the claims against it, preventing remand of those claims.  Plaintiff contends that none of the claims should be severed and thus the entire action must be remanded.

### A.  Severance Under 28 U.S.C. § 1441(c)

Eggo argues that this court should have automatically severed plaintiff's causes of action against the products liability defendants upon receipt of the notice of removal pursuant to 28 U.S.C. § 1441(c)(2), which currently reads: "Upon removal of an action [under 28 U.S.C. § 1331], the district court shall sever from the action all claims [not within the original or supplemental jurisdiction of the district court] and shall remand the severed claims to the State court."  Eggo contends that had this court properly severed the claims, there would now be complete diversity between it and plaintiff, effectively precluding plaintiff's request for remand.

However, the current version of § 1441(c) does not apply in this case as the complaint was filed prior to the effective date of the amended statute.  *See* Act of Dec. 7, 2011, Pub. L. No. 112-63, 125 Stat. 758, 759, 762 (setting forth the amendment to § 1441(c); providing that the 2011 amendments shall apply to any action commenced on or after 30 days from the date of enactment, i.e., December 6, 2011; and defining the commencement date for cases removed from state court as "the date the action or prosecution was commenced, within the meaning of State law"); *see also* Cal. Code of Civ. Proc. § 411.10 ("A civil action is commenced by filing a complaint.").  The applicable version of § 1441(c) does not make the same demands upon the district court: "Whenever a separate and independent claim . . . within the jurisdiction conferred by section 1331 . . . is joined with one or more otherwise non-removable claims . . . the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law

predominates."[2] § 1441(c) (prior version). The court thus was not obligated to sever all the unrelated claims automatically. Severance is discretionary.

## B. Appropriateness of Severance and Diversity Jurisdiction

The critical question is whether the court should sever and remand the products liability claims back to state court, or remand the entire action as plaintiff requests. The parties agree that remand of a properly removed case after the federal claim is dropped is a matter of the court's discretion. *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 937 (9th Cir. 2003). In such cases, courts consider whether remanding or retaining jurisdiction over the case will better suit the interests of "economy, convenience, fairness and comity." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)); *see Enochs v. Lampasas County*, 641 F.3d 155, 159-60 (5th Cir. 2011) (overturning the district court's denial of plaintiff's motion to remand filed shortly after plaintiff eliminated all federal claims in response to a motion to dismiss brought by defendant).

Here, the facts support severing and remanding the products liability claims. There is essentially no overlap between the product liability claims and the employment claims. None of the defendants is a defendant in both types of claims. The product liability defendants and Eggo were improperly joined under California Code of Civil Procedure § 379 in the original and first amended complaints and improperly joined under Federal Rule of Civil Procedure 20 in the SAC. Since there would have been diversity jurisdiction for the claims against Eggo if it had been separately sued, fairness suggests that the claims against Eggo should now be severed.

## III. ORDER

For the foregoing reasons, the court grants Eggo's motion to sever the employment claims (causes of action one through four) from the product liability claims (causes of action five through

---

[2] As Eggo has argued, there is an issue as to whether the court has supplemental jurisdiction over plaintiff's fifth through tenth causes of action; this was the concern that led to the amendment of § 1441(c). *See* H.R. Rep. No. 112-010 on Federal Courts Jurisdiction and Venue Clarification Act of 2011 (noting some federal courts had raised constitutional concerns because "subsection 1441(c) purports to give courts authority to decide state law claims for which the Federal courts do not have original jurisdiction"). However, the court's resolution of the present motions does not require it to address the constitutional issues.

ten).  The court hereby remands the product liability claims to the Superior Court of California for the County of Santa Clara.  The claims against Eggo are retained here under diversity jurisdiction. A case management conference will be held March 1, 2013 at 10:30 a.m.

DATED:   February 13. 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge